# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM E. GOLLIHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-329-DRH |
| | ) |
| KENNETH AKIN | ) |
| and CHERYL GOLLIHER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, an inmate currently in the Federal Correctional Institution in Fort Worth, Texas, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

This action is filed against Kenneth Akin, a sheriff's deputy in Jackson County, Illinois, and Cheryl Golliher, Plaintiff's former wife. Plaintiff alleges that Defendants conspired to give Akin unlawful permission to search Plaintiff's residence.[1] He also alleges that Akin left the door open after illegally searching Plaintiff's home, thus resulting in the disappearance of some of his personal property. For their actions, Plaintiff seeks $300,000 in damages.

The Court finds at least two grounds on which this action must be dismissed. First, the statute of limitations bars this action.

> *Bivens* actions, like actions under § 1983, are considered as personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred. *Lewellen v. Morley*, 875 F.2d 118, 120 (7th Cir. 1989); see also *Hardin v. Straub*, 490 U.S. 536, 539, 109 S.Ct. 1998, 2000-01, 104 L.Ed.2d 582 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279, 105 S.Ct. 1938, 1948-49, 85 L.Ed.2d 254 (1985).

*Delgado-Brunet v. Clark,* 93 F.3d 339, 342 (7th Cir. 1996). Illinois law provides a two-year statute of limitations for personal injury actions. 735 ILCS 5/13-202. Therefore, *Bivens* claims arising in Illinois are governed by a two-year statute of limitations. *See Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). Federal law, however, governs the accrual of such claims, and a civil rights claim accrues when "a plaintiff knows or should know that his or her constitutional rights have been violated." *Kelly*, 4 F.3d at 511.

In this case, the incident in question happened on March 10, 2004; thus, his Section 1983

---

[1] Although not clearly stated in the complaint, it appears that this search led to Plaintiff's subsequent arrest and conviction on federal charges involving manufacture and distribution of methamphetamine, for which he is currently serving a 100-month sentence. *See United States v. Clover*, Case No. 04-cr-40015 (S.D. Ill., filed March 4, 2004).

action should have been filed within two years, or by March 10, 2006. However, Plaintiff did not file this action until May 2008, over two years too late. Therefore, since Plaintiff's complaint was not filed within the statute of limitations period, his claim does not survive review under 28 U.S.C. § 1915A.

The second ground for dismissal is even more damning: Plaintiff has already filed, and lost, a federal civil rights action based on this exact incident, although neither Defendant Akin or Defendant Golliher was named in that lawsuit. *Golliher v. Jackson County Sheriff's Dept.*, Case No. 04-cv-879-DRH (S.D. Ill., filed Dec. 1, 2004). The primary issue in that action was whether the sheriff's department was liable for the damage to Plaintiff's residence and for theft of personal property contained therein. In ruling on Defendants' motion for summary judgment, this Court found that "there exists no material issue of fact concerning Plaintiff's sole pending claim for property damage, caused in violation of his Fourth Amendment rights." *Id.* at Doc. 69. Accordingly, judgment was entered in favor of the defendants.

The claims in the instant action are clearly barred by the doctrine of *res judicata*, or claim preclusion. As the Seventh Circuit has stated,

> *[r]es judicata* bars suits where there is [1] a final judgment on the merits; [2] an identity of the issues of the lawsuit; and [3] an identity of the parties or their privies." *Hamdan v. Gonzales*, 425 F.3d 1051, 1059 (7th Cir. 2005) (internal quotation and citation omitted). *Res judicata* also bars litigation of claims that "could have been raised" in the previous litigation, but were not. *Golden v. Barenborg*, 53 F.3d 866, 869-70 (7th Cir. 1995).

*Maher v. F.D.I.C.*, 441 F.3d 522, 526 (7th Cir. 2006).

The primary issue in this action is whether Defendants Akin and Golliher are liable for the property damage and theft of Plaintiff's personal property. This Court already found that in

3

executing the search of Plaintiff's property, the sheriff's department was not liable. This finding necessarily means that any alleged collusion between Defendants prior to that search is irrelevant; the finding remains that the damage to Plaintiff's property, and the theft of his property, was not the result of the search conducted by the Jackson County Sheriff's Department.

Accordingly, this action is **DISMISSED with prejudice**. Plaintiff should consider his complaint dismissed as legally frivolous within the meaning of 28 U.S.C. § 1915A(b)(1). Therefore, Plaintiff is **ADVISED** that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). *See Okoro v. Bohman,* 164 F.3d 1059, 1063 (7th Cir. 1999) ("The term 'frivolous' is used to denote not only a claim wholly lacking in merit but also a suit that, for whatever reason, clearly can't be maintained.").

**IT IS SO ORDERED.**

**DATED: February 18, 2009.**

/s/     DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**